UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Dominic Contino</u>,
    Plaintiff

    v.                                    Case No. 14-cv-113-SM
                                        Opinion No. 2014 DNH 082
<u>Hillsborough County</u>
<u>Department of Corrections</u>,
    Defendant

**O R D E R**

Pro se Plaintiff Dominic Contino's complaint (doc. no. 1) is before the court for preliminary review.  <u>See</u> L.R. 4.3(d)(2); 28 U.S.C. § 1915(e).  Dismissal is appropriate if the complaint fails to state a claim or if the court lacks subject matter jurisdiction.  L.R. 4.3(d)(2); 28 U.S.C. § 1915.

The court construes the pro se complaint liberally.  <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the complaint and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  <u>Hernandez-Cuevas v. Taylor</u>, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)).

From September of 2013 until sometime in March of 2014, Contino was a pretrial detainee at the Hillsborough County jail. In December, Contino tore his Achilles tendon while playing basketball.  He sought and received medical treatment at the

jail, but alleges that two months went by before he was properly diagnosed.  He alleges that he should have been given a leg brace immediately and that, because of the delay in diagnosis and treatment, he now needs surgery.

Having filled out a standard form entitled "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," Contino alleges that the defendant, Hillsborough County Department of Corrections, committed "medical malpractice" in its diagnosis of his torn Achilles tendon.  Complt., doc., no. 1, at 2.  He seeks monetary compensation for the additional testing and surgery he now requires to properly repair the tendon.

As a pretrial detainee, Contino's "right to adequate medical . . . care during his incarceration arises under the Fourteenth Amendment's Due Process Clause."  Fox v. Clancy, 2013 WL 3245332, at *2 (D.N.H. June 26, 2013) (citing Suprenant v. Rivas, 424 F.3d 5, 18 (1st Cir. 2005)).  In general, "the standard applied under the Fourteenth Amendment is the same as the Eighth Amendment standard" for convicted inmates.  Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007).  "In order to state a constitutional claim for the denial of medical . . . care," therefore, Contino "must allege that defendants have committed 'acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medial needs.'"  Fox, 2013 WL 3245332, at *2 (quoting Leavitt v. Corr. Med. Servs., 645 F.3d 484, 497 (1st Cir. 2011)).

A claim of medical malpractice, that is, a claim "that a physician has been negligent in diagnosing and treating a medical condition," does not constitute "a valid claim of medical mistreatment" under the constitution. Estelle v. Gamble, 429 U.S. 97, 106 (1976) (applying Eighth Amendment standard).

Even read liberally, the complaint alleges that prison medical personnel were merely negligent, not that they acted or failed to act in a constitutionally significant manner. The court will assume, without deciding, that a torn Achilles tendon is a serious medical condition. See Zeigler v. PHS Correctional Health Care, Inc., 2012 WL 1971149, at *4 (W.D. Pa. June 1, 2012) (finding that a ruptured Achilles tendon is a serious medical condition and collecting cases). The facts alleged, however, do not support an inference that the prison personnel were deliberately indifferent to this serious medical need. Contino was seen five times by medical personnel from December of 2013 to the beginning of March, 2014: he was diagnosed with a sprain on the first two visits, and a torn Achilles tendon was correctly diagnosed on the third; x-rays were taken on the forth visit; and, on March 4, 2014, he was taken to Elliot Hospital for additional x-rays. Contino was released from the jail sometime within the next three weeks. He does not allege that prison personnel refused to treat him, or wantonly caused him unnecessary suffering.

3

For these reasons, Contino does not state a claim arising under federal law.  This court does not, therefore, have federal question subject matter jurisdiction over Contino's claim.  See 28 U.S.C. § 1331.  The court could hear Contino's apparent state law medical malpractice claim under the court's diversity of citizenship jurisdiction if the parties were citizens of different states.  See 28 U.S.C. § 1332.  But, they are not.  Dismissal, without prejudice, therefore, is necessarily warranted, and plaintiff may seek to redress this medical negligence claim in the available state courts.

## Conclusion

The complaint is dismissed without prejudice.  The Clerk shall enter judgment in accordance with this Order and close the case.


**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

April 23, 2014

cc:  Dominic Contino, pro se